UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINIQUE R.

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C20-1072-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

    Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

    Plaintiff was born on XXXX, 1968.[1] Plaintiff has at least a high school education and previously worked as a caregiver, telephone solicitor, and a composite job as a cashier and a stock

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

clerk. (AR 338.) Plaintiff filed applications for DIB and SSI on December 5, 2017, alleging disability beginning November 16, 2017 (AR 284–97.) The applications were denied at the initial level and on reconsideration. On August 13, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 39–73.) On August 27, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 12–38.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 22, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: left shoulder impingement, right shoulder osteoarthritis, degenerative disc disease, cardiac arrhythmia, vertigo, depression, and posttraumatic stress disorder. (AR 17.) The ALJ also found that the record contained evidence of the following non-severe impairments: chronic sinusitis and ear tinnitus and pleurisy/pleuritis. (AR 18.) Plaintiff also alleged a severe impairment of restless leg syndrome (RLS); however, the ALJ found that the record did not contain any evidence of a firm diagnosis of RLS and, therefore, found RLS to be a non-medically determinable impairment. (AR 18.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18–22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> Her work must permit changing position from sitting to standing as needed throughout the workday. She can frequently push and pull. She can never climb ladders, ropes or scaffolds, work at unprotected heights, or in proximity to hazards, such as heavy machinery with dangerous moving parts. She can frequently climb ramps and stairs. She can occasionally reach overhead, balance, stoop, and crouch. She can perform work in which concentrated exposure to extreme cold, heat, wetness, pulmonary irritants, or vibration is not present. She can understand, remember, and carry out simple, routine tasks and follow short, simple instructions. She can perform work that

> requires little or no judgment. She can perform simple duties that can be learned on the job in a short period. She can cope with occasional work setting change and occasional, routine interaction with supervisors. She can work in proximity to coworkers, but not in a team or cooperative effort. She can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

(AR 22–23.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 30.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a photocopy machine operator and office helper. (AR 31–32.)

Plaintiff argues that the ALJ erred by (1) relying upon VE testimony that was inconsistent with the Dictionary of Occupational Titles (DOT) and failing to meet the Commissioner's burden at step five; (2) failing to formulate an RFC supported by substantial evidence and irrationally weighing the medical opinion evidence; and (3) failing to give specific, clear, and convincing reasons to reject Plaintiff's subjective complaints. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

1. **VE Testimony**

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony,

the ALJ concluded that Plaintiff was capable of performing at least two jobs: photocopy machine operator and officer helper. (AR 31–32.)

Plaintiff argues that that the ALJ erred by failing to resolve apparent inconsistencies between the VE's testimony concerning the jobs identified in step five and the description of those jobs in the DOT. Specifically, Plaintiff argues that the ALJ failed to resolve the inconsistency between the RFC, which limited Plaintiff to "occasionally reach[ing] overhead," and the step five finding that Plaintiff would be able to perform the requirements of photocopy machine operator and office helper. (AR 22, 31.) The Social Security regulations require the ALJ to inquire whether the VE's testimony is consistent with the DOT and to obtain a reasonable explanation for any apparent conflict. SSR 00-4p; *see also Massachi v. Astrue*, 486 F.3d 1149, 11452–53 (9th Cir. 2007). Here, the ALJ did not make such an inquiry. Where the ALJ fails to ask the VE whether her testimony conflicts with DOT and whether there is a reasonable explanation for the conflict, the Court "cannot determine whether the ALJ properly relied on her testimony" or "whether substantial evidence supports the ALJ's step-give finding." *Massachi*, 486 F.3d at 1153–54. Because the ALJ did not inquire whether the VE's testimony was consistent with the DOT, the Court cannot determine whether the ALJ properly relied on the VE testimony.

Nevertheless, the ALJ's procedural error may be harmless where there is no apparent conflict "or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts." *Id.* at 1154 n.19. The Commissioner argues that the VE "specifically testified that the office helper job would be mainly doing tasks such as stapling and putting paperclips on papers—tasks that do not require overhead reaching." Def. Br. at 13. However, this testimony was made in response to the ALJ's inquiry whether the jobs provided a "sit stand option" and not in response to any inquiry concerning Plaintiff's limitations for overhead

ORDER
PAGE - 5

reaching. (AR 67–68.) Indeed, according to the DOT, the jobs of photocopy machine operator and office helper require frequent reaching, which "[e]xists from 1/3 to 2/3 of the time." DOT (4th ed. 1991) §§ 207.685-014, 1991 WL 671745 (photocopying-machine operator), 239.567-010, 1991 WL 672232 (office helper). Although the DOT does not contemplate how often an individual must reach overhead, reach bilaterally, and/or reach with a dominant or nondominant hand, the VE did not provide any explanation to justify why Plaintiff would be able to perform these jobs despite her reaching limitation. Because the VE's testimony conflicts with the DOT and the VE did not provide any explanation to justify this conflict, the ALJ erred by relying on the VE testimony. Therefore, substantial evidence does not support the ALJ's step five finding that Plaintiff could perform other work. *Massachi*, 486 F.3d at 1154.

2. **Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[2] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82

---

[2] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 6

Fed. Reg. 5852 (Jan. 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

<u>Miranda D. Lu, M.D.</u>

Dr. Lu is Plaintiff's treating physician and has been treating Plaintiff since 2011. (AR 769.) Dr. Lu performed several physical evaluations of Plaintiff, including evaluations dated November 2017 (AR 634), January 2018 (AR 647-49), March 2018 (AR 666–68), and April 2019 (AR 771–77), with the latter updated in July 2019 (AR 776). Dr. Lu has diagnosed Plaintiff with chronic back pain, shoulder pain, frequent premature ventricular contractions, chest pressure, and sacroiliac (SI) joint pain (AR 648, 667, 771) and found that Plaintiff experiences pain from prolonged sitting or standing. (AR 634, 772.) Dr. Lu opined that Plaintiff is capable of performing sedentary work. (AR 649.)

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. Lu's November 2017 and April 2019 opinions persuasive, largely adopting the limitations assigned in Dr. Lu's April 2019 opinion. (AR 27–28, 771–76.) However, the ALJ found Dr. Lu's January 2018 and March 2018 opinions—in which Dr. Lu opined that Plaintiff is limited to sedentary work—unpersuasive "because she simply checked boxes and provided little explanation to the opined limitations." (AR

28.) The ALJ further rejected Dr. Lu's 2018 assessments finding that the evidence in the record, including Dr. Lu's own descriptions, showed that Plaintiff's pain and symptoms "are controlled or stable, and have not significantly restricted the claimant's functioning" and Dr. Lu estimated in 2018 that Plaintiff's limitations would last for only six months. (AR 28.)

Plaintiff argues that the ALJ's evaluation of Dr. Lu's opinions lack the support of substantial evidence because the ALJ's first reason for rejecting the 2018 assessments—that Dr. Lu checked off boxes with little explanation—also applies to the November 2017 and April 2019 opinions, which the ALJ found persuasive. An ALJ may properly reject "check-off reports that [do] not contain any explanation of the bases of their conclusions." *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Here, however, Dr. Lu's 2018 assessments identify several diagnoses that form the basis of her opinion, including diagnosing Plaintiff with shortness of breath, shoulder pain, and backpain. (AR 648, 667.) Dr. Lu's 2018 assessments are also accompanied by clinical and laboratory findings from Plaintiff's treatment history with Dr. Lu. (AR 650–65, 671–75.) The ALJ rejection of Dr. Lu's 2018 assessments for lack of explanation or support in the record, therefore, was not supported by substantial evidence.

Plaintiff further argues that the ALJ did not rationally reject Dr. Lu's 2018 assessments by reaching an alternative conclusion based on the same examinations assessed by Dr. Lu. An ALJ may reject a medical opinion based on inconsistency between the opinion and the doctor's treatment notes and between the opinion and the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ rejected Dr. Lu's 2018 conclusions that Plaintiff is limited to sedentary work finding that the impairments diagnosed by Dr. Lu in 2018 "are controlled or stable, and have not significantly restricted the claimant's functioning." (AR 28.) The ALJ's findings are not supported by the

record. The treatment notes in the record described that Plaintiff's shortness of breath was "very limiting to her activity/function," increased with exertion, and only improved when Plaintiff stopped working. (AR 504, 557, 695, 739.) Further, while impairments that can be controlled effectively with treatment are not disabling for the purpose of determining disability benefits, *Warre ex rel. E.T. IV v. Comm' r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), the record shows that Plaintiff's chronic back pain did not improve with medication and had minimal improvement with physical therapy. (AR 419, 423.) The ALJ's finding that Plaintiff's impairments were controlled or stable and have not significantly limited Plaintiff's functioning, therefore, is not supported by substantial evidence.

Further, in rejecting a medical opinion, the ALJ "must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ does this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* Here, the ALJ noted that many of these treatment notes are Dr. Lu's own descriptions of Plaintiff's limitations. Yet the ALJ does not explain how or why Dr. Lu's conclusions are unsupported or inconsistent with the record such that the ALJ's alternative conclusions are correct. *See id.* ("[T]he ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record. (citation omitted)). Because the ALJ did not describe specific evidence that conflicted with Dr. Lu's conclusions, the ALJ's rejection of Dr. Lu's 2018 conclusion is not supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred by rejecting Dr. Lu's January 2018 assessment based on Dr. Lu's notation that Plaintiff's limitations were expected to last for six months. Plaintiff

notes that Dr. Lu opined in March 2018 that Plaintiff's limitations were expected to last for twelve months. (AR 668.) The Court notes that Dr. Lu also found in her April 2019 assessment—which the ALJ found persuasive—that Plaintiff's limitations were expected to last twelve months. (AR 776.) "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Further, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ, therefore, did not err by finding that Plaintiff's limitations assessed in January 2018 would last for six months, as opined by Dr. Lu at the time. However, because the ALJ unreasonably rejected Dr. Lu's January 2018 assessment for the reasons described above, the ALJ should consider on remand whether the record supports Dr. Lu's March 2018 and April 2019 findings that Plaintiff's limitations are expected to last for twelve months.

For the reasons described above, the ALJ's rejection of Dr. Lu's 2018 assessments was not supported by substantial evidence. Therefore, the ALJ erred, and this error was harmful because the RFC did not include the functional limitations assessed by Dr. Lu in the 2018 assessments. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (an RFC must include all the claimant's functional limitations supported by the record).

Additionally, although Dr. Lu did not express an opinion in the 2019 assessment concerning the work level at which Plaintiff could perform based on her impairments, Dr. Lu assessed that Plaintiff could occasionally carry up to 20 pounds and frequently lift up to 10 pounds. (AR 771.) The RFC, however, provides that Plaintiff is able to perform light work, which the regulations define as "involves lifting not more than 20 pounds at a time with *frequent* lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis

added). The RFC does not accurately reflect Dr. Lou's 2019 assessment of the amount Plaintiff is able to carry. The ALJ, therefore, erred by misinterpreting the functional limitations opined by Dr. Lu, and this error was harmful because the RFC did not include all of Plaintiff's assessed limitations. *See Valentine*, 574 F.3d at 690.

### 3. Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ erred by failing to provide clear or convincing evidence for discounting the Plaintiff's testimony regarding her symptoms and limitations. The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she is unable to work full-time due to difficulty standing or sitting for prolonged periods without pain, balancing, lifting, grabbing, performing housework, engaging

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 11

with the public, maintaining attendance, keeping up with the pace, and completing tasks. (AR 23 (citing hearing testimony).) The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the medical evidence and other evidence in the record. (AR 23.) The ALJ points to several notations in the record during which Plaintiff exhibited normal range of motion related to Plaintiff's back and upper and lower extremities, lack of cardiac dysfunction, and benign presentation at physical examinations. (AR 23–24.) The ALJ, however, failed to explain how or why these findings undermined Plaintiff's complaints regarding her pain symptoms and ability to work. Further, the ALJ failed to account for evidence in the record that support Plaintiff's complaints of limited functionality and pain symptoms, including examinations that found that Plaintiff's back had slowed range of motion and limited extension due to pain (AR 603), Plaintiff experienced pain with her right shoulder range of motion (AR 582), and Plaintiff experienced shortness of breath that limited her functionality (AR 504, 557, 695, 739).

Similarly, the ALJ failed to consider the conclusions of Plaintiff's treating providers, which assessed functional limitations consistent with Plaintiff's complaints, including Dr. Lu's diagnosis of mid- and upper back pain, lumbar pain, and SI joint pain (AR 648, 667, 771), Dr. Lu's conclusion that Plaintiff experienced "significant exacerbation of pain symptoms with sitting or standing for prolonged periods," (AR 634, 772), and the findings of Dr. Thomas E. Hutch, M.D., who found that Plaintiff had likely rib restriction with compensatory muscle spasm and stiffness, chronic bilateral low back pain, and bilateral sciatica (AR 605). The ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). Because the ALJ

failed to consider Plaintiff's overall well-being and the objective medical evidence in the record that supported Plaintiff's subjective complaints, the ALJ's reasons for discounting Plaintiff's testimony was not supported by clear and convincing evidence. *See Burrell*, 775 F.3d at 1136. Therefore, the ALJ erred by discounting Plaintiff's subjective testimony.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 6th day of June, 2021.

MARY ALICE THEILER
United States Magistrate Judge